# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GARY S. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| (1) ZURICH AMERICAN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Intervenor, | ) |
| | ) |
| v. | ) No. 20-CV-00864-PRW-STE |
| | ) |
| (1) AMANPREET S. BHULLAR, | ) |
| individually, and | ) |
| (2) BHULLAR TRANSPORTATION, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS AMANPREET S. BHULLAR AND BHULLAR TRANSPORTATION'S MOTION TO STRIKE PLAINTIFF'S WITNESSES NIK VOLKOV AND DR. RANDALL HENDRICKS

Defendants Amanpreet S. Bhullar and Bhullar Transportation (collectively "Defendants") pursuant to Fed. R. Civ. P. 37(c) and Fed. R. Civ. P. 16(f), respectfully request the Court exclude Nik Volkov as an expert witness and prohibit Plaintiff from presenting any evidence of lost wages or earning capacity, as Plaintiff failed to timely provide Mr. Volkov's Expert Report as required by Fed. R. Civ. P. 26(a)(2)(B) and the Court's Scheduling Order [Dkt. 35]. Additionally, Defendant requests the Court exclude Dr. Randall Hendricks from presenting any evidence relating to causation as Plaintiff has not disclosed Dr. Hendricks as a non-retained expert as required by Fed. R. Civ. P. 26(a)(2)(C).

Discovery was issued to Plaintiff on the issue of lost wages, and Plaintiff was questioned in deposition about a lost wage claim, however, at no point prior to the identification of Mr. Volkov on May 31, 2022, did Plaintiff ever supplement discovery or seek to amend his testimony. On June 21, 2022 – twenty-two (22) days out of time – Plaintiff provided Mr. Volkov's Report. However, Plaintiff has not provided any other expert material relating to Mr. Volkov as required pursuant to Fed. R. Civ. P. 26(a)(2)(B). Further, Plaintiff failed to disclose Dr. Randall Hendricks as a non-retained expert testifying as to causation pursuant to Fed. R. Civ. P. 26(a)(2)(C). Defendants respectfully submit Plaintiff should be precluded from presenting any evidence or testimony from both Nik Volkov with regard to Plaintiff's alleged economic loss and Dr. Randall Hendricks with regard to causation of any injuries. In the alternative, Defendants request additional time to retain their own expert regarding lost wages as well as take Mr. Volkov and Dr. Hendricks depositions out of time.

## BACKGROUND

This litigation arises from a motor vehicle accident (hereinafter the "Accident") which occurred February 23, 2018, along Interstate 35 at or near mile marker 75 in Garvin County, Oklahoma. On the day of the Accident, both Plaintiff and Bhullar were traveling southbound on Interstate 35. It had been raining and the roadway was wet. Traffic along Interstate 35 was heavy and began to slow. As traffic ahead of Plaintiff began to slow, however, Bhullar was unable to sufficiently slow his vehicle to avoid a collision with the rear of Plaintiff's trailer.



In the course of discovery Plaintiff was issued Interrogatories and Requests for Production relating to his claims. At no point did Plaintiff ever identify any witness supporting his claim for lost wages. It was only when Plaintiff's expert witness list was due, May 30, 2022, that Plaintiff, for the first time, identified Nik Volkov as an expert witness on Plaintiff's lost wages. Additionally, Plaintiff treated with Dr. Randall Hendricks, however, Plaintiff has failed to identify Dr. Randall Hendricks as a non-retained expert as required by Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff should not be allowed to hide behind the log relating to a central part of his claims, and there is no question Plaintiff failed to comply with the disclosure and supplementation rules of the Federal Rules of Civil Procedure. Defendants respectfully request the Court strike, Nik Volkov and exclude any testimony concerning lost wages or loss of earning capacity. Additionally, Defendants request Dr. Randall Hendricks be

prevented from offering testimony or evidence relating to causation as Dr. Randall Hendricks was not disclosed as an expert in this matter. Alternatively, Defendants request sixty (60) days to obtain their own lost wages expert as well as the opportunity to take the depositions of Nik Volkov and Dr. Randall Hendricks out of time.

## RELEVANT DISCOVERY HISTORY

1. On October 11, 2021, Plaintiff provided Defendants with his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). (Plaintiff's Initial Disclosures, Ex. 1). Plaintiff failed to identify Nik Volkov as a potential witness.

2. On December 7, 2020, Plaintiff served his responses to Defendant Amanpreet S. Bhullar's discovery requests stating he did lose time and income from employment. Additionally, Plaintiff stated he is no longer able to work and has been given permanent work restrictions. (Plaintiff's Response to Defendant Amanpreet S. Bhullar's First Set of Interrogatories, Ex. 2, at pp. 5-6). Additionally, Plaintiff was asked to identify any and all expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiff did not identify Nik Volkov. (Ex. 2, at pp. 16-17).

3. During his deposition, Plaintiff stated he was unsure whether he was making a lost wage claim. (Myers Dep. Ex. 3, at p. 96:8-12).

4. The Scheduling Order entered on January 27, 2022, [Dkt. 35] required Plaintiff's Expert Identification and Reports to be submitted to Defendants on or before May 30, 2022. [Dkt. 35].

5. On May 31, 2022, Plaintiff filed his Final Witness & Exhibit List [Dkt. 37] identifying for the first time Nik Volkov as his expert regarding Plaintiff's alleged economic loss. [Dkt. 37, at p. 4].

Plaintiff has failed to provide Defendants with any expert report from Mr. Volkov in compliance with Fed. R. Civ. P. 26(a)(2)(B) or the Court's Scheduling Order [Dkt. 35], nor has Plaintiff supplemented his discovery responses to include Mr. Volkov pursuant to Fed. R. Civ. P. 26(e). Additionally, Plaintiff has failed to timely disclose Dr. Randall Hendricks as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) and the Court's Scheduling Order [Dkt.35].

## ARGUMENT AND AUTHORITY

Pursuant to the Federal Rules of Civil Procedure, parties are required to disclose each expert witness retained by the party and provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(B). Further, parties are required to provide a computation of damages – as well as evidentiary materials supporting the computation of damages – to all parties without receiving a discovery request. Fed. R. Civ. P. 26(a)(1)(A)(iii). A party is not relieved of this duty to disclose a computation of damages because it has not yet fully investigated its case. Fed. R. Civ. P. 26(a)(1)(E). Further, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence . . ." Fed. R. Civ. P. 26(a)(2)(A). Finally, parties are required to separately and fully answer interrogatories and respond to requests for production issued to it by another party, to the extent they are not objected to with specificity. *See* Fed. R. Civ. P. 33; Fed. R. Civ. P. 34.

Additionally, pursuant to the Court's Scheduling Order [Dkt. 35] Plaintiff was to identify each purported expert witness and provide the expert's corresponding report on or before May 30, 2022. *See* [Dkt. 35]. Not only has Plaintiff failed produce an expert report of Nik Volkov pursuant to Fed. R. Civ. P. 26(a)(2)(C), but Plaintiff has also failed to identify Dr. Randall Hendricks as a non-retained expert in compliance with Fed. R. Civ. P. 26(a)(2)(C).

Even after initial disclosures are made, interrogatories answered, and requests for production responded to, parties have an ongoing duty to supplement or correct its disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Should a party fail to provide the required disclosures or fulfill its duty to supplement its discovery responses, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The sanction of exclusion has been held to be **automatic and mandatory** unless the sanctioned party is able to demonstrate that its violation was either justified or harmless. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (a district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641–42 (7th Cir. 2008); *David v. Caterpillar, Incorporated*, 324 F.3d 851, 857 (7th Cir. 2003). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In *Woodworker's*, the Tenth Circuit considered four factors regarding whether the party's failure was justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's*, 170 F.3d at 993.[1] In addition to, or instead of, exclusion, the court may impose other appropriate sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or "staying proceedings under the order is obeyed[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii); Fed. R. Civ. P. 37(b)(2)(A)(iv).

**PROPOSITION I:    PLAINTIFF FAILED TO FULFILL HIS DUTY TO DISCLOSE AND SUPPLEMENT REGARDING ANY CLAIMS FOR LOST WAGES OR EARNING CAPACITY**

**A. Plaintiff failed to produce Nik Volkov's expert report as required by Fed. R. Civ. P. 26(a)(2)(B) and the Court's Scheduling Order [Dkt. 35].**

Fed. R. Civ. P. 26(a)(2)(B) requires the disclosure of a parties expert witness and further requires said witness to furnish an expert report.

> Unless otherwise stipulated or ordered by the court, **this disclosure must be accompanied by a written report**—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>   (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>   (ii) the facts or data considered by the witness in forming them;

---

[1] This Court has since applied *Woodworker's* in determining exclusion. *Ray v. Weslo Corp.*, No. CIV-2010-482-W, 2011 WL 13229620, at *2 (W.D. Okla. Nov. 8, 2011).

    (iii) any exhibits that will be used to summarize or support them;

    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id*. (Emphasis added). "A court may exclude specific expert opinions or bases for expert opinions that were not properly disclosed." *Keach v. United States Trust Co.*, 419 F.3d 626, 641 (7th Cir. 2005). "An untimely disclosure should be permitted only where the court finds the violation of Rule 26(a) was justified or harmless." *Jacobsen*, 287 F.3d at 952. Plaintiff's witness Nik Volkov is a purported expert "whose duties as the party's employee regularly involve giving expert testimony" as contemplated in Fed. R. Civ. P. 26(a)(2)(B). While Mr. Volkov is included on Plaintiff's Final Witness and Exhibit List [Dkt. 37], none of the required disclosure material has been provided to Defendants. Further, the Court's Scheduling Order [Dkt. 35] required Plaintiff to identify his experts **and provide expert reports to Defendant by May 30, 2022**. [Dkt. 35]. Plaintiff provided Mr. Vikolv's report to Defendants on June 21, 2022 – twenty-two (22) days out of time. As such, Plaintiff's failure to provide Nik Volkov's expert report timely is not justified or harmless. Therefore, this Court should strike Nik Volkov as a witness pursuant to Fed. R. Civ. P. 37(c) and Fed. R. Civ. P. 16(f). *See also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Keach*, 419 F.3d at 641.

**B. Plaintiff has failed to supplement his discovery responses as required by Fed. R. Civ. P. 26(e).**

Approximately 18 months prior to the filing of this Motion – Defendant issued its first discovery requests to Plaintiff, including requesting relevant documents and information concerning any lost wage claim. On December 7, 2020, Plaintiff provided the following responses:

> **INTERROGATORY NO. 6**: Has Plaintiff lost any time from any employment or has Plaintiff had to turn down any employment since the incident referred to in the Petition? If yes, state the number of days lost, the dates, the earnings lost per day, and the names and addresses of each place from which Plaintiff turned down employment or lost time.
>
> **RESPONSE NO. 6**: Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states he did lose time and income from employment with his current employer, JB Hunt, because of this subject incident. Plaintiff had a worker's compensation claim as a result of the subject collision and he was within the scope of his employment when he was involved in this crash with Defendant Bhullar. Due to the extent of his injuries, Plaintiff is no longer able to work and has been given permanent work restrictions by Dr. Nees. Plaintiff has received job offers following the subject incident but he was unable to take them due to the medical restrictions he is under.
>
> **INTERROGATORY NO. 27**: Pursuant to Fed. R. Civ. P., Rule 26(a)(2) identify any and all experts you intend to endorse as witness(es), or have consulted in this matter, herein, setting forth the following:
>
> 1) Expert's full name and complete mailing address;
> 2) Subject matter on which the expert will offer testimony;
> 3) The substance of the facts and opinions, formal or otherwise, to which the expert is expected to testify and a summary of grounds for each opinion;
> 4) All publications authored by the expert within the preceding ten (10) years;
> 5) The compensation to be paid to the expert for testimony and preparation for testimony; and

    6)      A list of all other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years, including the county and state in which the action was filed, the case number, and the parties.

**RESPONSE NO. 27**: (1) Dr. Haider, National Brain Injury Institute, 6065 Hillcroft Street, Suite 202, Houston, OK 77081; (2) testimony regarding Plaintiff's life care plan;

(Ex. 2, pp. 5-6, 16-17).

Additionally, to date, Plaintiff has not provided Defendants with a computation of damages relating to Plaintiff's alleged economic loss claim. Instead, Plaintiff's Initial Disclosures merely indicate Plaintiff is seeking to recover for his economic loss. *See* (Ex. 1, at p. 5). Plaintiff failed to identify Nik Volkov as an expert in his Initial Disclosures. *See* (Ex. 1, at pp. 3-4). Plaintiff likewise has failed to provide Defendants with any expert report as required by the Courts Scheduling Order [Dkt. 35] and pursuant to Fed. R. Civ. P. 26(a)(2)(B); 26(e).

Plaintiff's actions are a clear violation of his disclosure and supplementation duties under Rule 26. Moreover, Plaintiff has failed to comply with the Court's Scheduling Order, [Dkt. 35]. Because Plaintiff violated Rule 26, Plaintiff's must be subject to the automatic and mandatory exclusion from presenting Nik Volkov or any other evidence of lost wages under Rule 37. Plaintiff's actions are neither substantially justified nor harmless. Plaintiff's actions have unfairly prejudiced Defendants and left them without adequate time or discovery tools to investigate Plaintiff's claimed lost wages. The prejudice cannot be cured without further delay to this litigation, which is already over two years old. Plaintiff made a strategic decision to delay the required Rule 26 disclosures and supplementation

regarding lost wages. As such, Plaintiff has violated the *Woodworker's* factors, and Defendants respectfully submit Plaintiff must be excluded from presenting any testimony or evidence regarding lost wages or a loss of earning capacity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641–42 (7th Cir. 2008); *David v. Caterpillar, Incorporated*, 324 F.3d 851, 857 (7th Cir. 2003); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

**PROPOSITION II:   DR. RANDALL HENDRICKS SHOULD BE PRECLUDED FROM TESTIFYING AS TO CAUSATION AS HE WAS NOT DISCLOSED AS A NON-RETAINED EXPERT PURSUANT TO FED. R. CIV. P. 26(a)(2)(C).**

The Court's Scheduling Order required the Parties to identify their respective expert witnesses and provide the required reports on or before May 30, 2022. *See* [Dkt. 35]. Plaintiff's Final Witness and Exhibit List includes Dr. Randall Hendricks and states he will offer "[t]estimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed." [Dkt. 37, at p. 3]. Plaintiff had ample opportunity to identify and notify Defendants that Dr. Randall Hendricks would testify and offer evidence as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C). However, Plaintiff did not and his failure has prejudiced Defendants ability to defend the proposed testimony and evidence to be offered by Dr. Randall Hendricks.

Expert testimony is required to establish causation where the cause of an injury is not apparent from common knowledge or experience. Fed. R. Civ. P. 26(a)(2) distinguishes between the testimony offered by "treating physicians and retained experts" and requires

parties disclose any witnesses they intend to have testify as experts at trial and to submit an expert report for each expert witness. *Glass v. Mecham*, CIV-11-1267-C, 2014 WL 12042518, at *1 (W.D. Okla. July 2, 2014). Unlike retained experts, treating physicians can testify regarding their "observations based on personal knowledge, including the treatment of the party." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999); *see also Wright v. Encore Orthopedics, Inc.*, CIV-08-1378-C, 2010 WL 3420663, at *1 (W.D. Okla. Aug. 25, 2010). A treating physician must therefore be "disclos[ed] as an expert witness and submission of an expert report is required [where] a treating physician testifies beyond the scope of his or her treatment". *Schulze v. United States*, No. 18-CV-00130-GKF-JFJ, 2019 WL 7606134, at *2 (N.D. Okla. Apr. 3, 2019) (quoting *Parker v. Cent. Kan. Med. Ctr.*, 57 Fed. Appx. 401, 404 (10th Cir. 2003)). This is because "[o]pinion testimony as to causation, prognosis, or future disability are all beyond the scope of permissible treating physician testimony as that type of testimony goes beyond what the treating physician said and did and why he or she did it." *Wright*, 2010 WL 3420663, at *1. Where injuries are of a character requiring skilled and professional persons to determine the cause thereof, and the causal connection between treatment and injury, the scientific questions presented must necessarily be determined by testimony of skilled and professional persons." *Williams v. Safeway Stores,* 515 P.2d 223, 227 (Okla. 1973) (citing *Matchen v. McGahey*, 455 P.2d 52 (Okla.1969).

Given Plaintiff's failure to identify Dr. Randall Hendricks as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) and the Court's Scheduling Order [Dkt. 35], Dr. Hendrick's testimony must be limited to exclude any opinions relating to causation or go

beyond his own observations based on personal knowledge when actually providing treatment for Plaintiff. *Davoll*, 194 F.3d at 1138 (10th Cir. 1999); *Wright*, 2010 WL 3420663, at *1 (W.D. Okla. Aug. 25, 2010).

## **CONCLUSION**

Plaintiff has failed to timely provide the require expert report for Nik Volkov or otherwise supplement his discovery responses as required by Fed. R. Civ. P. 26(a)(2)(B), Fed. R. Civ. P 26(e), and the Court's Scheduling Order [Dkt. 35]. Moreover, Plaintiff failed to identify Dr. Randall Hendricks as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) and the Court's Scheduling Order [Dkt. 35]. Plaintiff's failure to do so has prejudiced Defendants ability to defend their case and to adequately conduct discovery. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). As such, Defendants request this Court exclude Nik Volkov as a witness and limit Dr. Randall Hendricks testimony and evidence to exclude any opinion relating to causation. Fed. R. Civ. P. 37(c) and Fed. R. Civ. P. 16(f). In the alternative, Defendants request additional time to retain their own expert regarding lost wages as well as take Mr. Volkov and Dr. Hendricks depositions out of time.

WHEREFORE, premises considered, Defendants Amanpreet S. Bhullar and Bhullar Transportation, respectfully request this Court exclude Nik Volkov as a witness and to limit the testimony of Dr. Randall Hendricks to exclude opinions relating to causation. In the alternative, Defendants request additional time to retain their own expert regarding lost wages as well as take Mr. Volkov and Dr. Hendricks depositions out of time and for any such relief this Court deems just and proper.

                    Respectfully submitted,

                    s/L. Grant Gibson
                    Derrick T. DeWitt, OBA #18044
                    L. Grant Gibson, OBA #33513
                    DeWitt Paruolo & Meek
                    P.O. Box 138800
                    Oklahoma City, OK 73113
                    T: (405) 705-3600
                    F: (405) 705-2573
                    dewitt@46legal.com
                    ggibson@46legal.com
                    ***Attorneys for Defendant Amanpreet S. Bhullar and Bhullar Transportation***

## CERTIFICATE OF SERVICE

      This is to certify that on the __ day of June, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Nathan D. Rex, OBA #31694 | William T. McKee, OBA# 15305 |
| Larry E. Finn, OBA #31551 | bmckee@rhodesokla.com |
| Parrish DeVaughn, PLLC | RHODES, HIERONYMUS, JONES, |
| 7 S. Mickey Mantle, 2nd Floor | TUCKER & GABLE |
| Oklahoma City, OK 73104 | P.O. Box 21100 |
| T: (405) 999-9000 | Tulsa, OK 74121-1100 |
| F: (405) 232-0058 | (918) 582-1173 |
| nate@parrishdevaughn.com | (918) 592-3390 Facsimile |
| ***Attorney for Plaintiff*** | ***Attorneys for Intervenor Zurich American Insurance Company*** |

                    s/L. Grant Gibson