### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY S. MYERS, | ) |
| Plaintiff, | ) ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Intervenor, | ) ) ) |
| v. | ) No. 20-CV-00864-PRW-STE |
| AMANPREET S. BHULLAR, individually, and BHULLAR TRANSPORTATION, | ) ) ) ) ) |
| Defendants. | ) |

#### PLAINTIFF'S RESPONSES TO DEFENDANT AMANPREET S. BHULLAR'S FIRST SET OF INTERROGATORIES

To:   Amanpreet S. Bhullar
      c/o DeWitt Paruolo & Meek
      PO Box 138800
      Oklahoma City, OK 73113

COMES NOW, Plaintiff, Gary S. Myers, pursuant to the Federal Rules of Civil Procedure, Rule 33, and hereby submits his Responses to Defendant Amanpreet S. Bhullar's First Set of Interrogatories and Request for Production of Documents:

#### GENERAL OBJECTIONS

1.  Plaintiff objects to these discovery requests to the extent that they impose duties, obligations, and definitions beyond those imposed by the Discovery code.





RECEIVED DEC 09 2020

2. Plaintiff further objects to these discovery requests as overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

3. Plaintiff further objects to these discovery requests to the extent that they seek information which is protected by the attorney-client and/or work product privileges.

4. Plaintiff further objects to these discovery requests to the extent that they seek documents in the possession of third-parties, documents already possessed by the Defendant and/or documents that cannot be produced without an undue burden upon the Plaintiff.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the full name, place of employment, social security number, date of birth and current address of each person who answers or assists in the answering of these Interrogatories. Exclude your attorneys.

**RESPONSE NO. 1:** **Gary S. Myers; JB Hunt;**                                 ;

**. Plaintiff with assistance of counsel.**

**INTERROGATORY NO. 2:** List the names and addresses of all doctors, hospitals, physical therapists, psychologists, counselors or other mental or physical health care providers who have examined, diagnosed, treated, or counseled Plaintiff in regard to the mental or physical injuries Plaintiff allegedly sustained in this incident. Include in the answer the date and cost of each visit of treatment.

**RESPONSE NO. 2:** See the medical bills and records produced herein regarding dates of treatment and cost for each. Plaintiff received medical treatment with the following:

Access Medical Center
275 S Perkins Road, Stillwater, OK 74074

Advanced Orthopedics of Oklahoma
6585 S Yale Avenue, Tulsa, OK 74137

Community Hospital
3100 SW 89th Street, Oklahoma City, OK 73159

Diagnostic Imaging Associates
4500 S Garnett, Suite 919, Tulsa, OK 74146

Functional Assessment Centers of Oklahoma
13401 Railway Drive, Oklahoma City, OK 73114

Healthcare Partners Investments
14024 Quail Pointe Drive, Oklahoma City, OK 73134

Oklahoma Surgical Hospital
2408 81st Street, Tulsa, OK 74137

Ortho Oklahoma
511 Windsor Drive, Stillwater, OK 74074

OSH Physician Group
PO Box 803918, Kansas City, MO 64180

OSSO Oklahoma Spine Surgery
3110 SW 89th Street, Suite 200E, Oklahoma City, OK 73159

South Central Emergency Services
PO Box 637113, Cincinnati, OH 45263

Stillwater Medical Center
1323 W 6th Avenue, Stillwater, OK 74074

Touchstone Imaging Stillwater

3

1909 W 6th Avenue, Suite A, Stillwater, OK 74074

**Tulsa Integrative Pain Services**
**2448 E 81st Street, Suite 363, Tulsa, OK 74137**

**INTERROGATORY NO. 3:** List the names and addresses of all doctors, hospitals, physical therapists, psychologists, psychiatrists, counselors or other mental or physical health care providers who have examined, diagnosed, treated, or counseled Plaintiff in the past ten (10) years.

**RESPONSE NO. 3:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff recalls to the best of his knowledge the following:**

**Olathe Medical Center in Kansas—apendectomy**

**Dr. Blake Baird, in Perry, OK—Diabetes/PCP**

**Stillwater Medical Center—Stillwater, OK**

**INTERROGATORY NO. 4:** List all addresses where Plaintiff has lived for the past ten (10) years and the dates of each period of residency.

**RESPONSE NO. 4:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff recalls the following:**

1. – **1994 to current**

4

**INTERROGATORY NO. 5:** List all names and addresses of Plaintiff's employers for the past ten (10) years, the dates of employment for each, job title for each, and the nature of Plaintiff's employment for each.

**RESPONSE NO. 5:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff recalls to the best of his knowledge the following:**

1. **JB Hunt -- February 2016 - July 2020**

2. **Brown Transportation – August 2015 – January 2016**

3. **Night Transportation -- February 2014 -- August 2015**

4. **TSI Kansas – November 2013 – February 2014**

5. **GPT Services – May 2013 -- August 2013**

6. **Southern Refrigerated Transport – December 2012 – May 2013**

7. **Greatwide Dedicated Logistics – December 2011 – December 2012**

8. **Swift Transportation – December 2010 – November 2011**

**Plaintiff also states that during the past ten years he has worked a few other jobs but only for a couple of weeks. Plaintiff cannot recall names, dates and times of those short employments.**

**INTERROGATORY NO. 6:** Has Plaintiff lost any time from any employment or has Plaintiff had to turn down any employment since the incident referred to in the Petition? If yes, state the number of days lost, the dates, the earnings lost per day, and the

5

names and addresses of each place from which Plaintiff turned down employment or lost time.

**RESPONSE NO. 6:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states he did lose time and income from employment with his current employer, JB Hunt, because of this subject incident. Plaintiff had a worker's compensation claim as a result of the subject collision and he was within the scope of his employment when he was involved in this crash with Defendant Bhullar. Due to the extent of his injuries, Plaintiff is no longer able to work and has been given permanent work restrictions by Dr. Nees. Plaintiff has revieved job offers following the subject incident but he was aunble to take them due to the medical restrictions he is under.**

**INTERROGATORY NO. 7:** Except for this lawsuit, has Plaintiff made a claim or filed a suit for damages or compensation for personal injuries? If yes, state the names of the insurance companies the claims were made to and/or the place where the suits were filed, the names of all parties involved and the type of injuries complained of. Include in the answer any workers' compensation claims.

**RESPONSE NO. 8:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states:**

 1. **2018—worker's compensation claim for this subject incident.**

 2. **2001—worker's compensation claim for low back.**

**INTERROGATORY NO. 8:** State whether Plaintiff has ever been a party to any lawsuit prior to or subsequent to the filing of this case. If so, identify the lawsuit by court, caption, and case number.

**RESPONSE NO. 8:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states to the best of his knowledge:**

1. 15TRD2603 – Sandusky County, Ohio.
2. 2006 – CDL conviction for speeding; Crawford County, Ohio.
3. 2001 – chapter 7 bankruptcy.
4. TR-2017-01020 – Noble County, Oklahoma.
5. TR-2017-135 – Noble County, Oklahoma.
6. TR-2015-77- Payne County, Oklahoma.

**INTERROGATORY NO. 9:** State the names and present or last known addresses and employment of all persons known or reported to Plaintiff, Plaintiff's agents, attorneys, or others acting in Plaintiff's behalf who witnessed the incident referred to in the Petition.

**RESPONSE NO. 9:** **Plaintiff recalls those named on the Official Oklahoma Traffic Collision Report produced herein, as well as first responders with the local fire department and EMS.**

**INTERROGATORY NO. 10:** Is Plaintiff now receiving or has Plaintiff ever received any disability or workers' compensation benefits from any source? If yes, state the source, for what reason has Plaintiff received such benefits, the dollar amount received, and how long Plaintiff received such benefits.

**RESPONSE NO. 10:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff received worker's compensation benefits for this subject incident with his employer JB Hunt. Plaintiff states he received TTD during his worker's compensation claim in 2018. He is currently drawing unemployment benefits. Plaintiff states he has not applied for disability at this time but may in the future. Plaintiff does not recall receiving any TTD benefits dueing his 2001 worker's compensation claim.**

**INTERROGATORY NO. 11:** State whether any photographs and video were made of the scene of the occurrence, of the damages to the vehicles involved, or the injuries Plaintiff allegedly sustained. Include in the answer the custodian of any photographs or video.

**RESPONSE NO. 11:** **See the photographs produced herein which are in the possession of Plaintiff's counsel.**

**INTERROGATORY NO. 12:** During the investigation of this incident, has Plaintiff, Plaintiff's attorney, or anyone acting on Plaintiff's behalf obtained statements, in any form, from anyone? If so, please state the name, address, and place of employment of each person from whom Plaintiff has obtained a statement. If Plaintiff claims privilege, provide a privilege log pursuant to the Federal Rules of Civil Procedure.

**RESPONSE NO. 12:** **Plaintiff is unaware of any statements of any kind.**

**INTERROGATORY NO. 13:** State the opinions, formal or otherwise, of all expert witnesses retained or consulted in this matter.

**RESPONSE NO. 13:** Plaintiff has not enlisted services of any expert, but reserves the right to supplement this response as discovery is ongoing.

**INTERROGATORY NO. 14:** State the name, address, telephone number, place of employment, and proposed testimony of any witness Plaintiff intends to call at the trial of this matter and who has not been identified above.

**RESPONSE NO. 14:** Plaintiff's list of witnesses is preliminary and subject to change as discovery is ongoing. Plaintiff will exchange his preliminary witness and final witness list at the appropriate time per the Court's scheduling order. Plaintiff anticipates calling the following witnesses:

| No. | Witness | Testimony |
|---|---|---|
| 1. | *Gary Myers*<br>c/o Parrish DeVaughn, PLLC<br>7 S. Mickey Mantle, 2nd Floor<br>Oklahoma City, OK 73104<br>405-999-9000 | Testimony concerning medical treatment, injuries, and impact of said injuries on Plaintiff's daily lifestyle and activities, as well as testimony regarding facts surrounding the subject collision, or otherwise as deposed. |
| 2. | *Bonnie Myers*<br>c/o Parrish DeVaughn, PLLC<br>7 S. Mickey Mantle, 2nd Floor<br>Oklahoma City, OK 73104<br>405-999-9000 | Plaintiff's wife. Testimony concerning medical treatment, injuries, and impact of said injuries on Plaintiff's daily lifestyle and activities, as well as testimony regarding facts surrounding the subject collision, or otherwise as deposed. |
| 3. | *Christopher Wyatt*<br>580-716-1890 | Plaintiff's prior supervisor. Testimony concerning medical treatment, injuries, and impact of said injuries on Plaintiff's daily lifestyle and activities, as well as testimony regarding facts surrounding the subject collision, or otherwise as deposed. |
| 4. | *Amber Prince*<br>580-348-0095 | Plaintiff's daughter. Testimony concerning medical treatment, injuries, and impact of said injuries on Plaintiff's daily lifestyle and activities, as well as testimony regarding facts surrounding the subject collision, or otherwise as deposed. |

| No. | Witness | Testimony |
|---|---|---|
| 5. | *Gary Myers, Jr.*<br>580-307-2409 | Plaintiff's son. Testimony concerning medical treatment, injuries, and impact of said injuries on Plaintiff's daily lifestyle and activities, as well as testimony regarding facts surrounding the subject collision, or otherwise as deposed. |
| 6. | *Darrell Hand*<br>580-491-3121 | Plaintiff's past co-worker. Testimony concerning medical treatment, injuries, and impact of said injuries on Plaintiff's daily lifestyle and activities, as well as testimony regarding facts surrounding the subject collision, or otherwise as deposed. |
| 7. | *Sergio Rodriguez*<br>14125 S Pass Road<br>Balch Springs, TX 75181<br>214-686-9279 | Testimony concerning facts surrounding the subject collision or otherwise as deposed. |
| 8. | *Amanpreet Bhullar*<br>c/o DeWitt Paruolo & Meek<br>PO Box 138800<br>Oklahoma city, OK 73113<br>405-705-3600 | Testimony concerning facts surrounding the subject collision or otherwise as deposed. |
| 9. | *Corporate Representative(s) of Bhullar Transportation*<br>c/o DeWitt Paruolo & Meek<br>PO Box 138800<br>Oklahoma city, OK 73113<br>405-705-3600 | Testimony concerning facts surrounding the subject collision or otherwise as deposed. |
| 10. | *Officer Heather Green*<br>*Badge No. 901*<br>Oklahoma Highway Patrol<br>220 NE 38th Terrace<br>Oklahoma City, OK 73105<br>405-425-2192 | Testimony concerning investigation of collision. |
| 11. | *Randall Hendricks, MD*<br>Advanced Orthopedics of OK<br>6585 S Yale Avenue<br>Tulsa, OK 74136<br>918-481-2767 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 12. | *Chris Degner, MD*<br>Servant Medical Imaging<br>1909 W 6th Avenue, Suite A<br>Stillwater, OK 74074 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |

| No. | Witness | Testimony |
|---|---|---|
|  | 405-743-0845 |  |
| 13. | *Randall Wallace, PT*<br>Function Assessment Center<br>13401 Railway Drive<br>Oklahoma City, OK 73114<br>405-879-6766 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 14. | *Ralph Noah, MD*<br>Oklahoma Surgical Hospital<br>2408 E 81st Street, Suite 300<br>Tulsa, OK 74137<br>918-477-5060 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 15. | *Randall Hendricks, MD*<br>Advanced Orthopedics of OK<br>c/o Central States Orthopedic Specialists<br>6585 S Yale Avenue<br>Tulsa, OK 74136<br>918-481-2767 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 16. | *Scott Stubbs, MD*<br>Ortho Oklahoma<br>511 Windsor Drive<br>Stillwater, OK 74074<br>405-707-0900 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 17. | *Karen Webster, PA-C*<br>Access Medical Center Stillwater<br>275 S Perkins Road<br>Stillwater, OK 74074<br>405-334-5272 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 18. | *Jeffrey Nees, MD*<br>OSSO<br>3110 SW 89th Street, Suite 200E<br>Oklahoma City, OK 73159<br>405-486-6720 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 19. | *Luke Chambless, MD*<br>HPI Community Hospital<br>3100 SW 89th Street<br>Oklahoma City, OK 73159<br>405-602-8100 | Testimony concerning causation, Plaintiff's past and future medical expenses, treatment, and injuries, or otherwise as deposed. |
| 20. | *Dr. Huma Haider*<br>National Brain Injury Institute<br>6065 Hillcroft Street, Suite 202 | Testimony concerning Plaintiff's life care plan, past and future medical expenses, |

| No. | Witness | Testimony |
|---|---|---|
|  | Houston, TX 77081 | treatment and injuries, past and future loss of income, or otherwise as deposed. |
| 21. | Records custodians necessary to authenticate records. ||
| 22. | All witnesses listed by Defendant and not otherwise objected to by Plaintiff. ||

**INTERROGATORY NO. 15:** Other than the subject incident, has Plaintiff ever been involved in any other motor vehicle accidents or any other type of incident, i.e., slip/trip and fall, which caused injury? If so, describe the occurrence, state the date of the occurrence, its location, describe the injuries sustained, and identify the parties involved for each such occurrence.

**RESPONSE NO. 15:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states he was involved in a worker's compensation claim in 2001 for his low back. Thiss resulted from a slip and fall nidicent at work. Additionally, Plaintiff states that in 2012 he was involved in a motorcycle collision in which he suffered injury to his clavical ribs.**

**INTERROGATORY NO. 16:** Before the incident in this action, had Plaintiff ever sustained injuries which resulted in Plaintiff's seeking a medical examination or medical treatment of any sort to the same areas of Plaintiff's body currently claimed injured from this incident? If yes, state the date of each injury and list the names and addresses of the treating or examining health care providers and/or hospitals.

**RESPONSE NO. 16:** **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states he did sustain injuries to his back in**

12

2001 while on the job. Plaintiff recalls treating with a neurosurgeon in Oklahoma City, Oklahoma, but doesn't recall anything further. Plaintiff had fully recovered from that prior injury and was not having any issues with his back until after the subject collision.

**INTERROGATORY NO. 17:** Has Plaintiff ever made an insurance or workers' compensation claim for personal injuries which did not result in a lawsuit? If so, identify the person or persons against whom each claim was made, the date(s) of each claim, the nature of each claim, and each claim's resolution.

**RESPONSE NO. 17:** Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states none other than the 2001 worker's compensation claim he made.

**INTERROGATORY NO. 18:** Has Plaintiff ever pled guilty to or been convicted of any misdemeanor involving moral turpitude or of any felony? If yes, identify the nature of the charges, the case number(s), and the court in which each conviction or plea was entered.

**RESPONSE NO. 18:** Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states none.

**INTERROGATORY NO. 19:** Set forth in detail the need for any future medical care and treatment, its cost, the nature of said treatment, and any physician or health care provider who will provide the treatment.

**RESPONSE NO. 19:**     **Plaintiff has requested this information from Dr. Haider and will supplement upon receipt.**

**INTERROGATORY NO. 20:**   Describe each injury for which Plaintiff is alleging damages from the incident at issue, specifying each part of Plaintiff's body alleged to have been injured, and/or the nature of each alleged injury to Plaintiff's person.

**RESPONSE NO. 20:**     **Objection, Plaintiff is not a medical expert and does not have the knowledge or technical skill set required to completely respond to this Interrogatory. Without waiving said objections, Plaintiff underwent a lumbar fusion and decompression, cervical spine disc bulge resulting in foraminal stenosis and central canal stenosis at C3/4, C4/5, C5/6 and C6/7, contusion of the left knee, strain of the neck, whiplash, cervicalgia, and shoulder pain.**

**INTERROGATORY NO. 21:**   Has Plaintiff sought medical, psychological, or other treatment for any alleged emotional distress? If so, identify the date(s) of treatment, provider, reason for treatment, diagnosis, recommendations, and any medications prescribed.

**RESPONSE NO. 21:**     **None.**

**INTERROGATORY NO. 22:**   State all locations Plaintiff had been for twenty-four (24) hours prior to the incident described in Plaintiff's Petition, including the time, the location's address, and the location's telephone number.

**RESPONSE NO. 21:**     **Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff recalls traveling for work with his employer,**

14

JB Hunt. The day prior to the collision he worked from about 7am until approximately 6pm, as he was only allowed to drive for 11hrs in a day. After his 11hrs, he went home and slept. He woke up the next morning around 7am to continue his rounds. Just prior to the collision, Plaintiff was traveling south on I-35. Following the collision, Plaintiff returned home.

**INTERROGATORY NO. 23:** State Plaintiff's intended destination at the time of the incident referenced in the Petition, including address and telephone number.

**RESPONSE NO. 23:** Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states he was hauling a load of carbon from Ponca City, Oklahoma to Ardmore, Oklahoma. The collision happened in or near Pauls Valley, Oklahoma as he was headed to Ardmore.

**INTERROGATORY NO. 24:** Please list the names of all pharmacies from which Plaintiff has received prescription medications since January 1, 2013.

**RESPONSE NO. 24:** Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff recalls using Walmart in Stillwater, Oklahoma, Express Scripts (online company), and Foster's Corner Drug in Perry, Oklahoma.

**INTERROGATORY NO. 25:** Please indicate the name and type of drugs (legal or illegal) and/or alcohol ingested or consumed by Plaintiff within twenty-four hours before the subject incident, the time the drugs (legal or illegal) and/or alcohol were ingested or

consumed, and the quantity of the drugs (legal or illegal) and/or alcohol ingested or consumed.

**RESPONSE NO. 25:** Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states he takes daily diabetes, cholesterol, and blood pressure medication.

**INTERROGATORY NO. 26:** Please provide the telephone number(s) associated with any cellular phone or device located within Plaintiff's vehicle at the time of the subject incident, the service provider of said phone(s), and whether Plaintiff was using said phone(s), for any purpose (including but not limited to talking, texting, navigating, or internet browsing), immediately before, during, or immediately after the subject incident.

**RESPONSE NO. 26:** Objection, this Interrogatory is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff states             , Verizon.

**INTERROGATORY NO. 27:** Pursuant to Fed. R. Civ. P., Rule 26(a)(2) identify any and all experts you intend to endorse as witness(es), or have consulted in this matter, herein, setting forth the following:

 1) Expert's full name and complete mailing address;

 2) Subject matter on which the expert will offer testimony;

 3) The substance of the facts and opinions, formal or otherwise, to which the expert is expected to testify and a summary of grounds for each opinion;

4) All publications authored by the expert within the preceding ten (10) years;

5) The compensation to be paid to the expert for testimony and preparation for testimony; and

6) A list of all other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years, including the county and state in which the action was filed, the case number, and the parties.

**RESPONSE NO. 27:** **(1) Dr. Haider, National Brain Injury Institute, 6065 Hillcroft Street, Suite 202, Houston, OK 77081; (2) testimony regarding Plaintiff's life care plan;**

**INTERROGATORY NO. 28:** Describe in your words how the incident giving rise to this lawsuit happened.

**RESPONSE NO. 28:** **Objection, this interrogatory is better suited for deposition testimony. Without waiving said objection, see the Official Oklahoma Traffic Collision Report produced herein.**

Respectfully Submitted,

/s/ Larry E. Finn
_____
Larry E. Finn, OBA 31551
Nathan D. Rex, OBA 31694
PARRISH DEVAUGHN, PLLC
7 Mickey Mantle, Second Floor
Oklahoma City, OK 73104
405-999-9000
405-232-0058 (f)
Larry@ParrishDeVaughn.com
Nate@ParrishDeVaughn.com
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon the following by USPS mail, postage prepaid, the 7th day of December, 2020:

Derrick T. DeWitt, OBA 18044
Grant L. Gibson, OBA 33513
DEWITT PARUOLO & MEEK
PO Box 138800
Oklahoma City, OK 73113
405-705-3600
405-705-2573 (f)
ddewitt@46legal.com
***Attorney for Defendant Bhullar***

I further certify that a true and correct copy of the foregoing document was served upon the following by first-class United States mail, postage prepaid on the 7th day of December, 2020:

William T. McKee, OBA
RHODES HIERONYMUS TUCKER & GABLE
PO Box 21100
Tulsa, OK 74121
918-592-1173
918-592-3390 (f)
bmckee@rhodesokla.com
***Attorney for Intervener Zurich***

_____
For the Firm