IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY S. MYERS, | ) |
|        Plaintiff, | ) |
| ZURICH AMERICAN INSURANCE CO., | ) |
|        Intervenor, | ) |
| v. | ) Case No. CIV-20-00864-PRW |
| AMANPREET S. BHULLAR, individually, and BHULLAR TRANSPORTATION, | ) |
|        Defendants. | ) |

## ORDER

Before the Court is Defendants Amanpreet S. Bhullar and Bhullar Transportation's Motion for Partial Summary Judgment (Dkt. 36). For the reasons that follow, the Defendants' Motion for Partial Summary Judgment (Dkt. 36) is **GRANTED**.

### *Background*

On February 23, 2018, Plaintiff Gary Myers and Defendant Amanpreet Bhullar were involved in a vehicular collision while southbound on Interstate 35 in Gavin County, Oklahoma. Mr. Bhullar is a licensed commercial driver and operated professionally as a sole proprietorship named Bhullar Transportation. At the time of the collision, Mr. Bhullar was operating a vehicle owned by Bhullar Transportation. The collision occurred after traffic on Interstate 35 slowed due to rain and wet road conditions. Both Mr. Myers and Mr. Bhullar were driving in the left-hand lane and were

1

unable to maneuver into the right-hand lane due to traffic congestion. When other vehicles in the left-hand lane slowed significantly, Mr. Myers applied his brakes and quickly slowed his vehicle. Seeing this, Mr. Bhullar also applied his brakes to slow his vehicle, but was unsuccessful and collided with the back end of Mr. Myers trailer.

Mr. Myers sued Mr. Bhullar and Bhullar Transportation in state court, claiming: (1) negligence by Mr. Bhullar while within the scope of his employment by Bhullar Transportation, (2) negligent recruiting, vetting, hiring, training, monitoring, supervising, and retention of Mr. Bhullar by Bhullar Transportation, (3) negligent entrustment of a vehicle to Mr. Bhullar by Bhullar Transportation, and (4) *respondeat superior* liability against Bhullar Transportation for gross negligence by Mr. Bhullar. Mr. Myers claimed actual and punitive damages in excess of $75,000. While the action remained in state court, Zurich American Insurance Company—the insurer for Mr. Myer's employer— moved to intervene, seeking reimbursement of the sums it has paid to cover Mr. Myer's personal injuries. The Defendants removed the action to this Court and filed a motion to dismiss claim (2)—negligent recruiting, vetting, hiring, training, monitoring, supervising, and retention of Mr. Bhullar by Bhullar Transportation—which the Court granted. Now, the Defendants have filed a motion for partial summary judgment, seeking judgment as a matter of law on Plaintiff Gary S. Myers' claim of negligent entrustment and judgment as a matter of law on the issue of punitive damages. The Defendants' motion was filed on May 26, 2022. By local rule, the nonmoving party had twenty-one days to file a response. As no response was filed by June 16, 2022, the matter has been fully briefed.

*Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute for trial before the fact-finder.[1] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[2] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[3] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[4] At the summary judgment stage, the Court views the facts and makes all reasonable inferences in the light most favorable to the nonmoving party.[5]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record" that show "that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute," or by showing "that [the

---

[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[4] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[5] *See Williams v. FedEx Corp. Services*, 849 F.3d 889, 896 (10th Cir. 2017).

movant] cannot produce admissible evidence to support the fact."[6] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[7] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether is so one-sided that one party must prevail as a matter of law."[8]

Where a nonmovant fails to file a response within the time specified by local rule, that party "waive[s] the right to file and response and confesse[s] all facts asserted and properly supported in the summary judgment motion."[9] However, this alone does not absolve the Court from considering the applicability of judgment as a matter of law as required by Rule 56.[10] Thus, if the moving party fails to sufficiently carry its initial burden of proof, "summary judgment is inappropriate 'even if no opposing evidentiary matter is presented.'"[11]

---

[6] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[7] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[8] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52); *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[9] *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002).

[10] *See id.*

[11] *Days Inns Worldwide v. Mandir, Inc.*, 393 F. Supp. 2d 1240, 1247 (W.D. Okla. 2005) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

*Analysis*

*Negligent Entrustment*

Under Oklahoma law, negligent entrustment of a vehicle requires proving three elements: (1) a person who owns or has possession and control of a vehicle allowed another driver to operate the vehicle; (2) the person knew or reasonably should have known that the other driver was careless, reckless, and incompetent; and (3) an injury was caused by the careless and reckless driving of the automobile.[12] The first element requires the defendant to entrust the operation of the vehicle to some third party or person other than himself.[13] And the second element is satisfied when a plaintiff proves, by "[d]irect or circumstantial evidence," that a defendant "know or should have known that [the driver] was a reckless and careless driver" such that "he should not have been provided with a vehicle or allowed to drive."[14]

The Defendants advance two arguments. They first argue that there can be no entrustment of the vehicle to a third party or person when the only entrustment in this case was from Mr. Bhullar—in his role as proprietor of Bhullar Transportation—to

---

[12] *See Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003); *see also Guinn v. Great West Cas. Co.*, 2010 WL 4811042, at *6 (W.D. Okla. Nov. 19, 2010).

[13] *See Green*, 70 P.3d at 868 ("An actionable, common law claim for negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the automobile . . . ."); *see also id.* at 868 n.5 ("It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.") (quoting Restatement (Second) of Torts § 308 (Am. L. Inst. 1965)).

[14] *Green*, 70. P.3d at 869.

himself in his individual capacity. And second, that there is no evidence that Mr. Bhullar either knew or had reason to know that he was a careless or reckless driver who should not have been allowed to drive. Both are correct.

*First*, nothing in the record supports the conclusion that there was an entrustment from one individual to another. As indicated by the Oklahoma Supreme Court's invocation of the Restatement (Second) of Torts in *Green v. Harris*,[15] negligent entrustment requires entrusting the vehicle of one person to "a third person."[16] Here, Mr. Myers alleged that Bhullar Transportation, as an employer, negligently entrusted the vehicle to Mr. Bhullar. While generally corporate employers may be held liable for negligent entrustment,[17] Bhullar Transportation was a sole proprietorship—or trade name—owned and operated by Mr. Bhullar.[18] However, under Oklahoma law, a "trade name is not a separate legal entity and 'does not offer plaintiff an additional party from which to obtain relief,'"[19] since "naming a sole proprietor defendant under his trade name was the same as naming the defendant individually."[20]

---

[15] 70 P.3d 866 (Okla. 2003).

[16] *Id.* at 868 n.5 (quoting Restatement (Second) of Torts § 308 (Am. L. Inst. 1965)).

[17] *See, e.g.*, *Sinclair v. Hembree & Hodgson Constr., LLC*, 2020 WL 3965010, at *4–5 (W.D. Okla. July 13, 2020).

[18] *See* Bhullar Transportation Answers to Interrogatories (Dkt. 36, Ex. 5) at 4–5. The answer to this interrogatory also indicates that Bhullar Transportation no longer exists as a sole proprietorship.

[19] *Jordan v. Grace Living Centers*, 2020 WL 130147, at *2 (Jan. 9, 2020) (quoting *Lewis v. Am. Gen. Assurance Co.*, 2001 WL 36160929, at *2 (W.D. Okla. Feb. 26, 2001)).

[20] *Thomas v. Colvin*, 592 P.2d 982, 983 (Okla. Civ. App. 1979) (citing *Nat'l Surety Co. v. Okla. Presbyterian College for Girls*, 132 P. 652 (Okla. 1913)).

Therefore, in this case, there is no separate corporate entity and Mr. Myers has alleged nothing more than that Mr. Bhullar (as Bhullar Transportation) entrusted his own vehicle to himself. This is insufficient to satisfy the first element of negligent entrustment. The Defendants have carried their initial burden and demonstrated that there is no genuine dispute of material fact on the nature of the supposed entrustment. Mr. Myers did not respond to rebut this or point to specific materials in the record that demonstrate a genuine issue of material fact. Thus, the Court finds that the Defendants are entitled to a matter of law on the claim of negligent entrustment.

*Second*, nothing in the record indicates that Mr. Bhullar either knew or should have known that he was a careless or reckless driver who should not have been allowed to drive. This second element of negligent entrustment requires evidence of things such as a known propensity to drive recklessly,[21] a known propensity to be involved in vehicle wrecks,[22] or a known propensity to drive while under the influence of drugs or alcohol.[23] The Defendants maintain that the record is devoid of any evidence of this nature, and instead point to evidence in the record which demonstrates that Mr. Bhullar maintained a Commercial Driver's License issued by the State of California[24] and, prior to this collision, had never been involved in a vehicle wreck.[25]

---

[21] *See Green*, 70 P.3d at 870.

[22] *See id.*

[23] *See Sheffer v. Carolina Forge Co., LLC*, 306 P.3d 544, 548 (Okla. 2013).

[24] *See* Amanpreet Bhullar's Commercial Driver License (Dkt. 36, Ex. 7); *see also* Amanpreet Bhullar Employment Records (Dkt. 36, Ex. 8).

[25] *See* Deposition of Amanpreet Bhullar (Dkt. 36, Ex. 3), at 2.

The second element of negligent entrustment requires, at a minimum, some evidence of disfavored driving propensities. Absent such evidence, the claim fails. The Defendants have demonstrated through the evidence in the record that there is no genuine dispute of material fact that Mr. Bhullar had no reason to know of any dangerous driving propensities. Since Mr. Myers did not respond, the Court finds that the Defendants are entitled to judgment as a matter of law on the claim for negligent entrustment under this rationale as well.

*Punitive Damages*

Under Oklahoma law, punitive damages are only available in actions involving fraud, oppression, malice, or gross negligence and are generally a question for the fact-finding jury.[26] Punitive damages require a plaintiff to prove by "clear and convincing evidence" that the defendant is "guilty of reckless disregard for the rights of others" or "acted intentionally and with malice towards others."[27] The Oklahoma Supreme Court explains that "[p]unitive damages are allowable where there is evidence of reckless and wanton disregard of another's rights from which malice and evil intent may be inferred."[28] This requirement of reckless and wanton disregard stems from the purpose of punitive damages, which is to punish intentional wrongdoers and deter similar

---

[26] *See Sinclair*, 2020 WL 3965010, at *5 (citing *Fuller v. Neundorf*, 278 P.2d 836, 839 (Okla. 1954)).

[27] *McGinley v. Am. Dump Trucks, Inc.*, 2021 WL 4517687, at *4 (W.D. Okla. Sept. 30, 2021) (quoting Okla. Stat. tit. 23, § 9.1).

[28] *Graham v. Keuchel*, 847 P.2d 342, 363–64 (Okla. 1993); *see also Fuller*, 278 P.2d at 839.

wrongdoing.[29] Thus, in vehicular cases, gross negligence sufficient to support punitive damages requires more than simple negligence or an accident resulting from a driver's inadvertence.[30]

Here, no evidence supports the idea that Mr. Bhullar operated with some "evil intent" or "gross negligence" as needed to maintain a claim for punitive damages.[31] The evidence the record indicates that Mr. Bhullar had been on the road for only a few hours,[32] that he was not distracted by anything at the time of the accident,[33] that as soon as he saw the traffic in front of him braking he also immediately braked his vehicle,[34] and that traffic on either side of Mr. Bhullar left him with no other evasive options besides braking.[35] These facts carry all the hallmarks of an ordinary vehicle collision and provide no evidence of reckless disregard for the rights of others sufficient to support punitive damages. Once again, Mr. Myers failed to respond to contest these facts or point to other facts in the record. Thus, the Court concludes that the Defendants have demonstrated

---

[29] *See Dayton Hudson Corp. v. Am. Mut. Liability Ins. Co.*, 621 P.2d 1155, 1158 (Okla. 1980).

[30] *See Hinds v. Warren Transport, Inc.*, 882 P.2d 1099, 1102 (Okla. Civ. App. 1994) ("[T]he mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient to constitute gross negligence.").

[31] *Newport v. USAA*, 11 P.3d 191, 204 (Okla. 2000) (quoting *Slocum v. Phillips Petroleum Co.*, 678 P.2d 716, 719 (Okla. 1983)).

[32] *See* Driver Log (Dkt. 36, Ex. 4).

[33] *See* Deposition of Amenpreet Bhullar (Dkt. 36, Ex. 3), at 3.

[34] *See id.* at 4.

[35] *See id.* at 5.

there is no genuine issue of material fact and that the record contains no evidence sufficient to support a claim for punitive damages.

## *Conclusion*

Although a failure to respond to a motion for summary judgment does not absolve the Court from considering whether the movants have carried their burden of proof, in the absence of specific direction from the parties, the Court "will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury."[36] The Defendants carried their burden of demonstrating undisputed material facts proving their entitlement to judgment under Oklahoma law on the negligent entrustment claim and claim for punitive damages, and Mr. Myers failed to recarry the burden or resurrect the presence of a genuine dispute of material fact. Accordingly, the Defendants' Motion for Partial Summary Judgment (Dkt. 36) is **GRANTED**.

**IT IS SO ORDERED** this 29th day of June 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[36] *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992).